**In re ALSTED AUTOMOTIVE WAREHOUSE, INC., Debtor.**

**James BARR, as Trustee in Bankruptcy of Alsted Automotive Warehouse, Inc., Plaintiff,**

v.

**Theodore FREEDMAN, Allen Menaker, Stanley Padover, Robert Menaker and Arnold Freedman, Inc., Defendants.**

**Bankruptcy No. 880–02496–20.**

United States Bankruptcy Court, E.D. New York.

Oct. 26, 1982.

Hahn & Hessen, New York City, for James Barr, trustee in Bankruptcy of Alsted Automotive; Kevin Kelly, New York City, of counsel.

Shea & Gould, New York City, for Stanley Padover.

*Memorandum and Order*

ROBERT JOHN HALL, Bankruptcy Judge.

James Barr, the Trustee in Bankruptcy of Alsted Automotive Warehouse, Inc. (the "Trustee" and "Alsted" respectively) having commenced the above captioned adversary proceeding against the former officers, directors and shareholders of Alsted by the filing of a complaint which alleged fifteen claims for relief, Stanley Padover ("Padover"), one of these named defendants, now moves this Court to dismiss the First, Second, Third, Fourth, Fifth, Eleventh, Fourteenth and Fifteenth claims for failing to state a claim upon which relief can be granted. Alternatively, Padover moves to dismiss all of the claims for plaintiff's alleged failure to join an indispensable party. The motion is denied.

## I. Failure to State a Claim

As has been frequently reiterated, the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980). Accordingly, on a motion on the pleadings, the Court may look only at the pleadings with "the well-pleaded material facts alleged in the complaint . . . taken as true." *George C. Frey Ready Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d Cir. 1977).

In the instant complaint, the Trustee alleges that he is the duly authorized representative of Alsted, a debtor under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* (Supp. IV 1980); that Padover was an officer, director and shareholder of Alsted as well as a partner in 110 Schmidt Boulevard Realty Co. ("Realty Co.") and a shareholder in the affiliated Allstate Corporations; that Padover participated in and/or benefited from fraudulent/preferential transfers of $51,470.00 from Alsted to Realty Co. (the First, Second, Third, Fourth, Fifth and Eleventh Claims for Relief); that Padover participated in the

transfer of $409,032.00 in inventory from Alsted to the Allstate Corporations for no consideration in violation of his fiduciary duty to Alsted (the Fourteenth Claim for Relief); and that Padover further breached his fiduciary duties to Alsted by failing to account for a $89,947.25 shortage in inventory as reflected in Alsted's books and records (the Fifteenth Claim for Relief).

To suggest that these allegations, if true, do not state claims for relief is frivolous.

The First, Second, Third, Fourth, Fifth and Eleventh Claims for Relief obviously track 11 U.S.C. §§ 547–549; and the liability of a director-officer to the creditors and shareholders of a corporation which he has defrauded cannot be seriously challenged. *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Rabinowitz v. Oughton (In re Romley Clothes, Inc.),* 92 F.2d 297 (3d Cir. 1937), *cert. denied,* 303 U.S. 649, 58 S.Ct. 746, 82 L.Ed. 1110 (1938). *See generally* 15 N.Y.Jur.2d, *Business Relationships* §§ 1006–1007 (1981).

Rather, Padover's primary defense, as is gleaned from his accompanying affidavit, is that he was ousted as a director and officer of Alsted prior to the date of the complained of transactions. However, while this may or may not prove a valid defense to some of the pleaded claims,[1] the Court cannot consider this affidavit at this time without first notifying the Trustee of the Court's intention to treat this motion as one for summary judgment and concurrently offering the Trustee the opportunity to submit responding affidavits. Fed.R.Civ.P. 12(c) (made applicable to these proceedings by Bankruptcy Rule 712); *Weisman v. Le-Landais,* 532 F.2d 308, 309 n. 3 (2d Cir.1976) (per curiam); *Dale v. Hahn,* 440 F.2d 633, 638 (2d Cir.1971). And while this Court could do just that, inasmuch as the Court has been given no input as to how much time the Trustee would need to prepare a response to Padover's affidavit, the Court prefers to treat the motion within the parameters within which it was brought, to wit, as a motion on the pleadings; and consequently, to deny it.

## II. *Failure to Join an Indispensable Party*

More interesting is Padover's motion to dismiss all of the claims for the Trustee's failure to join an indispensable party.

To understand this motion, a little background is necessary. After the Trustee was appointed and qualified, it came to his attention that Alsted allegedly repaid a $225,-000.00 loan, collateralized solely by the defendants' herein guarantees, to Republic National Bank of New York ("Republic") within 90 days of the commencement of the case. Accordingly, the Trustee made demand of Republic for the return of such amount, which demand resulted in a stipulation approved by an order of this Court entered on 15 December 1981.

The Stipulation essentially provides for Republic to be released from all liability by paying the trustee $120,000.00 and waiving its right to file a proof of claim with respect thereto. Moreover, and presumably as a result of 11 U.S.C. § 550(c),[2] the parties stipulated further that each would retain all claims for relief against third parties (including the defendants herein) and that the Trustee would promptly commence suit on his claims with notice to Republic and his consent for Republic to be joined as co-plaintiff. Additionally, the parties agreed to evenly divide any net recovery with Republic's maximum recovery limited to the $120,000.00 it was then paying out. Finally, to insure Republic's rights, Republic was granted the right to participate in all settlement discussions and to prosecute any appeal.

Based on this stipulation and Padover's anticipation that should Republic remain

---

**1.** Even if Padover's allegations were to go uncontroverted, inasmuch as there was no allegation that he was not a partner of Realty Co. at the times in question, at least the Trustee's Second and Third Claims for Relief would survive a motion for summary judgment.

**2.** Section 550(c) indicates that a trustee is entitled to only a single satisfaction under section 550(a). 11 U.S.C. § 550(c). This is significant where as here, the Trustee apparently had the option of seeking recovery from the transferee or the guarantor benefited by the transfer. *See* 4 *Collier on Bankruptcy* ¶ 550.03[2] (15th ed. 1982).

unsatisfied at the close of this proceeding subsequent suits on his alleged guarantee would be in the offing, Padover now argues that Republic is an indispensable party in whose absence the complaint would have to be dismissed.

Bankruptcy Rule 719(a) provides:

*Persons to be Joined if Feasible.* A person who is subject to service of process shall be joined as a party in the proceeding if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the proceeding and is so situated that the disposition of the proceeding in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do

so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

As the Advisory Committee Note and the language of the Rule itself indicates, this is an adaptation of Rule 19 of the Federal Rules of Civil Procedure and is essentially identical to such Rule except that the references to subject matter jurisdiction and venue limitations were omitted.[3] However, with or without such limitations, a federal court must decide whether a missing party is necessary; if necessary, whether he can be joined; and, if not, whether in equity and good conscience the proceeding should continue in his absence. Rule 19; Bankruptcy Rule 719(a), (b) & (c).[4]

Although the Court's research has disclosed no authority directly on point with the facts of this case, it finds the "partial subrogation" line of cases instructive.

Ever since the Supreme Court's decision in *United States v. Aetna Casualty & Surety Co.,* 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949) it has been established where an insurer pays part of an insured's claim and thereby becomes subrogated, either by stat-

---

**3.** This Court's subject matter jurisdiction being broader than the district court's, *compare* 28 U.S.C. 1471 (Supp. IV 1980) *with* 28 U.S.C. § 1332 (1976), joinder of a party should never destroy subject matter jurisdiction, and so this caveat was dropped from Bankruptcy Rule 719. Similarly, the venue caveat was unnecessary under the former Act inasmuch as the venue of all proceedings within the bankruptcy court's summary jurisdiction was in that court in which the parent case was pending. *See* 1 *Collier on Bankruptcy* ¶ 3.02[a] & [b] (15th ed. 1982). However, inasmuch as the present Rules of Bankruptcy Procedure are still effective only to the extent that they are not inconsistent with the new Bankruptcy Code, section 405(d) of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549, 2685, and inasmuch as the proper venue of a joined party may be different from that of the original parties, *see* 12 U.S.C. § 94 (1976) and 28 U.S.C. § 1473 (Supp. IV 1980), it would appear that the venue limitations of Rule 19 should be read back into Bankruptcy Rule 719.

**4.** Bankruptcy Rule 719(b) & (c) provides:

(b) *Objection to Jurisdiction by Joined Person.* If a person joined under subdivision (a) hereof makes a timely objection as provided in Rule 915 to the jurisdiction of the court to determine issues affecting his interest and the objection is sustained, the court shall

dismiss such person from the proceeding or, pursuant to Rule 915(b), transfer the part of the proceeding involving his interest to the civil docket of the district court.

(c) *Determination by Court Whenever Joinder or Proceeding with Joined Person Not Feasible.* If a person as described in subdivision (a) hereof cannot be made a party, or if such a person is dismissed or the part of the proceeding involving his interest is transferred pursuant to subdivision (b) hereof, the court shall determine whether in equity and good conscience the proceeding should continue among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the proceeding is dismissed for non-joinder.

*But see* 28 U.S.C. § 1471 (Supp. IV 1980) and note 3 *supra.*

ute or contract, to a part of the claim then "both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names." *Id.* at 381–82, 70 S.Ct. at 215. In other words, both are necessary although neither is an indispensable party. *Id.* at 381–82 & n. 19, 70 S.Ct. at 216 & n. 19; *Virginia Electric and Power Company v. Westinghouse Electric Corporation,* 485 F.2d 78 (4th Cir.1973), *cert. denied,* 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 493 (1974); *Reliance Insurance Company v. Wisconsin Natural Gas Company,* 60 F.R.D. 429 (E.D.Wis.1973).

More recent decisions, however, have distinguished the situation where the insurer sues for his part of the claim from the situation where the insured is suing for the full amount of the loss, *Dudley v. Smith,* 504 F.2d 979 (5th Cir.1974), particularly where the insurer has authorized or participated in the insured's actions. *Glacier General Assurance Company v. G. Gordon Symons Co.,* 631 F.2d 131 (9th Cir.1980); *Shaner v. Caterpillar Tractor Company,* 483 F.Supp. 705 (W.D.Pa.1980); *Kint v. Terrain King Corporation,* 79 F.R.D. 10 (M.D.Pa. 1977); *Prudential Lines, Inc. v. General Tire International Co.,* 74 F.R.D. 474 (S.D. N.Y. 1977); *Braniff Airways, Inc. v. Falkingham,* 20 F.R.D. 141 (D.Minn.1957). These cases have held the missing subrogee to be not even a necessary party upon the rationale that complete relief can be granted in his absence, his rights can be protected by impressing any recovery with a trust for his benefit and multiple liability or inconsistent obligations will be avoided inasmuch as the subrogee's authorization for or participation in the suit will bind him to the result, as one in privity with a party, under the doctrines of res judicata or collateral estoppel. *See, e.g., Prudential Lines, Inc. v. General Tire International Co.,* 74 F.R.D. 474 (S.D.N.Y. 1977).

In the instant case, Republic has paid $120,000.00 to the Trustee under a docu-

ment which granted Republic rights in the Trustee's claims against Padover based on rights Republic arguably has under both federal and state law. *See* note 2 *supra.* Based thereon, the Court finds Republic to be analogous to a partial subrogee.

Moreover, inasmuch as the Trustee has commenced suit for the full amount of the alleged liability as authorized by Republic and inasmuch as Republic has the right to intervene and appeal an adverse determination, any findings made herein shall be binding on it. Accordingly, although Republic's joinder may well be feasible,[5] such is not required under the Rule unless and until Republic has been shown to be a necessary party, *Horton Company v. I.T. & T.,* 85 F.R.D. 369, 370 (W.D.Pa.1980), which in the opinion of the Court has not been shown.[6]

### Conclusion

Padover's motion is denied in all respects. So Ordered.

---

5. *But see* 12 U.S.C. § 94 (1976). The interplay between 12 U.S.C. § 94 and 28 U.S.C. 1473 (Supp. IV 1980) is unclear at this time.

6. As a final note, inasmuch as Republic's rights to a recovery under either the stipulation or

guarantee, if any, is obviously contingent, in a practical sense, on the Trustee's success herein, the Court fails to see what additional benefit, except delay, Republic's joinder would create.