In re WINDSOR COMMUNICATIONS GROUP, INC. t/a Norcross-Rust Craft Greeting Card Publishers, Debtor.

WINDSOR COMMUNICATIONS GROUP, INC. t/a Norcross-Rust Craft Greeting Card Publishers, Plaintiff,

v.

PHILADELPHIA ELECTRIC CO., t/a PECO, a Pennsylvania Corporation, Defendant.

Bankruptcy No. 82–03714K.
Adv. No. 84–0097K.

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 22, 1985.

Douglas J. Smillie, Philadelphia, Pa., for debtor/plaintiff.

Kevin William Gibson, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The defendant in this adversary proceeding has filed a motion for abstention or dismissal. For the reasons stated herein, the motion will be denied.

The relevant facts are:

An involuntary petition under Chapter 7 of the Bankruptcy Code ("Code") was filed against Windsor Communications Group, Inc. t/a Norcross-Rust Craft Greeting Card Publishers ("Windsor") on August 5, 1982. Windsor converted the case to a case under Chapter 11 on August 25, 1982.

On February 9, 1984, Windsor commenced the instant adversary proceeding against Philadelphia Electric Company ("PECO"). The complaint alleges that a series of preferential transfers were made to PECO. Recovery of these alleged preferential payments is sought pursuant to 11 U.S.C. § 547. The complaint also seeks to avoid certain post-petition transfers pursuant to 11 U.S.C. § 549.[1]

1. § 547. Preferences.

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—

(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;

The motion to abstain or dismiss the complaint was filed by PECO on April 2, 1984.

■ The first issue presented is whether we should abstain from hearing the instant proceeding. In its motion, PECO argues that we should abstain from exercising jurisdiction because to do so would invade the province of a predominant state interest in regulating rates and procedures governing utilities. We are not persuaded by PECO's argument because we do not believe that the prosecution of a preference action will have an effect on the state's regulation of its utilities. Rather, the basic goal of the preference provision is to secure the equal distribution of the debtor's assets among its creditors. *Cohen v. Kern* (in re Kennesaw Mint, Inc.), 32 B.R. 799 (Bankr.N.D.Ga.1983). A preference action allows a debtor or trustee to recover assets for the benefit of all of the estate's creditors, thereby ensuring that no one creditor is put in a better position than another creditor of the same class based uklpon the date when it received the transfer. The application of federal bankruptcy law in this limited context does not interfere with the state's right to regulate rates, billing procedures, or the activities of its utility companies.

Our jurisdiction over this action is predicated upon 28 U.S.C. §§ 1334 and 157(b)(1) (1984), and 11 U.S.C. § 547 and 549. Section 1334 provides that the district courts shall have original and exclusive jurisdiction of all cases under title 11, and original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. Under 28 U.S.C. § 157, each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 shall be referred to the bankruptcy judges for that district. By Referral Order of July 25, 1984, the United States District Court for the Eastern District of Pennsylvania referred all cases and all proceedings arising under title 11 in this District, with the exception of personal injury tort and wrongful death claims, to the bankruptcy judges for this District.

Bankruptcy judges may hear and enter final orders on all "core" proceedings. 28 U.S.C. § 157(b)(1). "Core" proceedings include, but are not limited to, proceedings to determine, avoid, or recover preferences. 28 U.S.C. § 157(b)(2)(F). Therefore, this Court is the exclusive forum in which the debtor may bring this action. Because the Bankruptcy Court is the exclusive forum, abstention is clearly inappropriate.[2] To deny a hearing on this complaint would preclude the debtor from availing itself of a right provided by federal law. Accordingly, PECO's request for abstention will be denied.

■ The second issue for consideration is whether the complaint states a claim upon which relief may be granted.

For the purposes of ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), applicable to this proceeding through Bankruptcy

---

(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

*§ 549. Postpetition transactions.*
(a) Except as provided in subsections (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
(1) made after the commencement of the case; and
(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
(B) that is not authorized under this title or by the court.

*§ 303. Involuntary cases.*
(f) Notwithstanding section 363 of this title, except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced.

**2.** The legislative history to former 28 U.S.C. § 1471(d) (repealed 1984) indicated that:

The bankruptcy courts will not abstain, however, when no other court, Federal, State, or local, has jurisdiction over the proceeding in question. That clearly would not be in the interest of justice.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 446 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6401; *see also* 1 Collier on Bankruptcy ¶ 3.01[1][f] (15th ed. 1984).

Rule 7012 (b), the court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Barr v. Freedman* (In re Alstead Automotive Warehouse, Inc.) 24 B.R. 131, 132 (Bankr. E.D.N.Y.1982). Furthermore, all allegations of the complaint are deemed admitted. *Dampskibsselskabet AF 1912 v. Black & Geddes, Inc.* (In re Black & Geddes, Inc.), 16 B.R. 148, 151 (Bankr.S.D. N.Y.1981).

The general rule is that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The factual allegations must be viewed in the light most favorable to the plaintiff. *Hishon v. King & Spalding,* 464 U.S. 959, 104 S.Ct. 2229, 2233, 78 L.Ed.2d 334 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); 2A *Moore's Federal Practice* ¶ 12.-08 (2d ed. 1982).

Here, the complaint alleges that payments in the amount of $125,509.13 to PECO constitute preferences which may be avoided under § 547 of the Code. The complaint also alleges that transfers in the amount of $27,708.98 to PECO are subject to avoidance under § 549 of the Code. In moving for dismissal of the complaint on the basis of failure to state a claim, PECO does not challenge the sufficiency of the allegations made; rather, PECO argues that § 547 does not apply to state-regulated utilities.[3]

The issue of whether state-regulated utilities are subject to preference actions has already been decided in this District. *See Brooks Shoe Manufacturing Company, Inc. v. Metropolitan Edison Co.* (In re Naudain, Inc.), 32 B.R. 871 (Bankr.E.D.Pa. 1983).[4] In *Naudain,* our colleague, Chief Judge Goldhaber, held that two (2) payments to the defendant, Metropolitan Edison Company, could be avoided by the debtor pursuant to § 547 (b) of the Code.

Furthermore, the legislative history of § 547 evinces a clear Congressional intent to include utilities within the class of creditors subject to the provisions of § 547, rather than exclude them. In addressing the various defenses available to creditors under § 548 (c), Congress noted that one of the statutory exceptions to the trustee's avoidance power was enacted to protect "such non-business activities as payment of monthly utility bills." *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 373–374 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 88 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5874, 6329.

PECO's argument that utilities should be exempt from the preference provisions of the Code is apparently based on PECO's belief that the defense of § 547(c)(2)[5] is unavailable to it due to the *Naudain* decision. However, it seems inappropriate to

---

**3.** This section of PECO's motion related only to Count I of the complaint which seeks recovery of a preferential transfer pursuant to § 547 of the Code. PECO has not specifically addressed the applicability of § 549 to state-regulated utilities. Nevertheless, by analogy, the reasoning advanced by the Court on the applicability of § 547 to utilities is also applicable to § 549.

**4.** For other cases holding that utilities are subject to § 547 (b), *see Keydata Corporation v. Boston Edison Company* (In re Keydata Corp.), 37 B.R. 324 (Bankr.D.Mass.1983) and *Thomas W. Garland, Inc. v. Union Electric Company* (In re Thomas W. Garland Inc.) 19 B.R. 920 (Bankr. E.D.Mo.1982).

**5.** Section 547(c)(2) provides:

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms;

address PECO's arguments vis-a-vis § 547(c)(2) on a motion to dismiss for failure to state a claim; therefore, we will allow PECO to raise this issue at trial. All that need be decided at the present time is whether a utility is subject to the provisions of § 547(b). Having determined that it is, we find that the complaint states a valid cause of action under § 547(b).

■ The third issue is whether Count II of the complaint should be dismissed for failure to state a valid cause of action. Count II alleges that the debtor made transfers in the amount of $27,709.96 to PECO during the gap period between the filing of the involuntary petition and the entry of the Order for Relief, which may be avoided under § 549.

Although PECO's motion was brought pursuant to Fed.R.Civ.P. 12(b)(6), PECO has presented factual evidence to the Court to prove that it advanced "new value" to the debtor. Clearly, this evidence should not be considered by the Court in ruling on a Rule 12(b)(6) motion. Although Rule 12(c) of the Federal Rules of Civil Procedure provides that a motion for judgment on the pleadings may, when accompanied by matters outside the pleadings, be treated as a motion for summary judgment, sufficient material facts are in dispute here to preclude the Court from treating the instant motion as a summary judgment motion.

As stated previously, the material allegations of a complaint must be deemed admitted, and the facts must be viewed in the light most favorable to the plaintiff, when ruling on a Rule 12(b)(6) motion. *Black & Geddes, Inc.*, 16 B.R. at 148. If the plaintiff has alleged sufficient facts, which, if proven, would warrant the granting of some relief, then the complaint is adequate and will withstand a Rule 12(b)(6) challenge. In accordance with this standard, we find that sufficient facts have been pled by Windsor to set forth a cause of action under § 549. We cannot state with any degree of certainty that Windsor would not be entitled to any relief on the basis of the facts alleged. Accordingly, PECO's re-

quest for dismissal of Count II of the complaint will be denied.

The fourth issue before the Court is whether this action should be dismissed for failure to join the Commonwealth of Pennsylvania as an indispensable party.

The term "indispensable party" is a term of art. Rule 19 of the Federal Rules of Civil Procedure, made applicable to this proceeding through Bankruptcy Rule 7019, provides that the court shall order the joinder of a party if:

> (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

Fed.R.Civ.P. 19(a). If the party cannot be joined, "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should it be dismissed, the absent person thus being regarded as indispensable." Fed.R.Civ.P. 19(b).

■ Although no prescribed formula exists for determining whether a person is an indispensable party, the concept includes elements of prejudice, equity, and good conscience. An indispensable party possesses a material interest in the controversy. *Lang v. Windsor Mount Joy Mutual Inc. Co.*, 487 F.Supp. 1303, 1307 (E.D. Pa.), *aff'd*, 636 F.2d 1209 (3d Cir.1980).

■ PECO claims that it has paid six percent (6%) of the value of the transfers it received from Windsor to the Commonwealth of Pennsylvania as sales tax. Therefore, PECO requests the Court to determine that the Commonwealth is an indispensable party, which has not been joined, and that the failure to join the Com-

monwealth warrants dismissal of this action.

We cannot accept PECO's argument for two (2) reasons. First, it does not appear that the Commonwealth is a necessary party to this action. There are no allegations that the Commonwealth will be prejudiced if this action is continued, or that PECO cannot maintain a separate action against the Commonwealth to recover the sales tax if Windsor prevails in this action. On the other hand, Windsor would be substantially prejudiced by its dismissal. Second, even if this Court should determine that the Commonwealth is a necessary party and should be joined, joinder is feasible. Therefore, we conclude that the complaint should not be dismissed for failure to join an indispensable party.

■ The final issue raised by PECO is whether the complaint should be dismissed due to illegality. PECO's assertion of illegality is premised upon 66 Pa.Cons.Stat. Ann. §§ 1303 and 1304 (Purdon 1976). According to PECO, these provisions prohibit it from varying the rates charged for utility service between customers.

Once again, we reiterate our view that a preference action under the Bankruptcy Code does not implicate the rates charged to customers by utility services. Congress has determined that a creditor, who would be unsecured but for the receipt of a payment within a 90–day period preceding the filing of the bankruptcy petition, must return that payment to the debtor's estate for distribution in accordance with the provisions of the bankruptcy laws. This federal policy in no way directs the utility companies to charge different rates for customers who file for protection under the bankruptcy laws than for customers who do not file for such protections. Thus, PECO's argument that the complaint requests relief which constitutes a *prima facie* violation of state law is without merit. Accordingly, the motion to dismiss on the basis of illegality will be denied.